GOLDEN AGE DAYTON CORP., APPELLANT, *v.* BOWERS, TAX COMMR.

(No. 2831—Decided July 9, 1965.)

*Mr. Eugene Mayl* and *Messrs. Harris, Sacks, Subrin & Goldman,* for appellant.

*Mr. William B. Saxbe,* attorney general, and *Mr. Edgar L. Lindley,* for appellee.

KERNS, J.    This is an appeal from a decision of the Board of Tax Appeals affirming an assessment made by the Tax Commissioner, which increased the tax valuation of appellant's personal property for the years 1960 and 1961.

The appellant, Golden Age Dayton Corporation, manufactures and distributes Pepsi-Cola in the Dayton area and, in connection with this business, owns numerous bottle and cup-type vending machines.

In computing the value of these machines for purposes of personal property taxation for the years 1960 and 1961, the appellant applied to the purchase price (without any deduction for salvage value) a 200 per cent declining balance using a

four-year life on new machines and a 150 per cent declining balance using a three-year life on used machines.

In determining the value of the machines for tax purposes, the Tax Commissioner applied the depreciation rates listed in the Tax Commissioner's table of "Composite Prima Facie Depreciation Rates," which are 20 per cent annually for the cup machines and 15 per cent annually for the bottle machines.

"The law of Ohio requires that personal property used in business be taxed at its true value. Since it is impractical for the Department of Taxation to personally value all such personal property in the state, it is reasonable and lawful to use the straight-line method of depreciation in arriving at true value. * * *

"There is no challenge to this general proposition and, in fact, this so-called straight-line depreciation has been recognized by this court as the method most widely used. *Wheeling Steel Corp.* v. *Evatt, Tax Commr.*, 143 Ohio St. 71. * * *" *W. L. Harper Co.* v. *Peck,* 161 Ohio St. 300, at 303.

The burden was upon the appellant to establish its right to a deviation from the prima facie depreciation rate set forth in the directive of the Department of Taxation. See *Adams* v. *Bowers,* 167 Ohio St. 389. See, also, *Higbee Co.* v. *Evatt,* 140 Ohio St. 325.

Hence, the specific question presented in this appeal is whether the evidence discloses special circumstances or unusual conditions of use, so as to render the decision of the Board of Tax Appeals unreasonable or unlawful.

After examining the entire record, our view of the evidence presented by the appellant is not substantially unlike that of the Board of Tax Appeals. We cannot say that its decision is arbitrary, unreasonable or unlawful.

The decision will, therefore, be affirmed.

*Decision affirmed.*

SHERER, P. J., and CRAWFORD, J., concur.